

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 25, 1960

Honorable George W. Morris
County Attorney
Montgomery County
Conroe, Texas

Opinion No. WW-827

Re: Whether the Montgomery
County Clerk can accept
a certificate of a nomi-
nation made in the pri-
mary election and place
the nominee's name on
the general election
ballot, under facts
stated.

Dear Mr. Morris:

Your opinion request is summarized as follows:

The Justice of the Peace for Justice
Precinct No. 2 of Montgomery County, whose
term of office would have expired on December
31, 1962,died on April 2, 1960. The Commissioners
Court of Montgomery County will appoint a
successor to fill the vacancy until the gen-
eral election in November of 1960, at which
election a successor will be elected to fill
the remainder of the unexpired term. Sec. 28
of Art. V, Tex.Const.; Art. 2355, R.C.S. The
statutory deadline for candidates to file for
a place on the ballot in the Democratic Primary
to be held on May 7 had already passed at the
time the vacancy occurred. Art. 13.12, Vernon's
Texas Election Code. The County Democratic
Executive Committee of Montgomery County
adopted a resolution authorizing selection of
a party nominee for the unexpired term in the
Democratic primary elections and fixed April 15
as the deadline for candidates to file for a
place on the primary ballot. The period for
absentee voting in the primary commenced on
April 17, and the ballots were amended to include
this office and the names of the candidates who
had filed by the deadline before absentee ballots
were delivered to the County Clerk.

QUESTION: Can the County Clerk of Montgomery

County accept the certification of a nominee
selected in this manner and place the name
of the nominee on the general election ballot?

The Election Code does not prescribe a method whereby a
political party which is required to hold primaries may make a
nomination for an unexpired term in a county or precinct office
where the vacancy occurs after the deadline for filing under
Article 13.12 of the Code. A nomination for an unexpired term
must be made in the primaries in accordance with the statutory
provisions if the vacancy occurs in sufficient time for candi-
dates to file by the first Monday in February; but the filing
dates set out in Article 13.12 and other provisions regulating
candidacy in the primary do not apply where the vacancy occurs
after the first Monday in February or so near to that deadline
that prospective candidates do not have a reasonable opportunity
to file before that time. Kilday v. Germany, 139 Tex. 380, 163
S.W.2d 184 (1942); Meyers v. Smith, 314 S.W.2d 631 (Tex.Civ.
App. 1958).

Article 6.04 of the Election Code authorizes the state
executive committee in the case of state officers, and the
appropriate district committee in the case of district officers,
to name a nominee where a vacancy in a state or district office
arises after the filing date of the first primary, but neither
the county committee nor any other committee may name a nominee
for a county or precinct office under these circumstances.
Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037 (1916); Att'y
Gen. Op. S-215 (1956).

In the absence of a statutory method for making a nomina-
tion, a political party may select a nominee in any manner not
contrary to law and agreeable with party usage. Gilmore v. Waples,
supra; Kilday v. Germany, supra; Att'y Gen.Op. WW-367 (1958). One
manner in which a nomination for a county or precinct office may
be made if the vacancy occurs after the regular filing deadline
but in time to allow candidates to file before absentee voting
begins in the first primary, is to open the filing and permit
candidates to run in the primary.[1] Kilday v. Germany, supra.

---

[1] In Opinion WW-367 we said that nominations for an unex-
pired term are subject to the same regulations as nominations for
a full term if the vacancy occurs in sufficient time for nomina-
tions to be made in the primary elections. This statement was made
in reference to vacancies which occur in time for the statutory
filing provisions to apply. It was not intended to mean that a
nomination could not be made in the primary or that statutory
deadlines would apply where the vacancy occurred after the statutory
filing time.

In that case (decided before enactment of the provision in Article 6.04 empowering the state committee itself to name a nominee), the Supreme Court held that the state executive committee could authorize the making of a nomination for a state office in the primary election in these circumstances and could fix the time for candidates to file for a place on the primary ballot. In Meyers v. Smith, supra, which involved a nomination for a one-county district office, the court did not give effect to an attempted extension of the filing deadline, but the holding of that case is not inconsistent with the Kilday case. In the Meyers case a subcommittee of the state executive committee had recommended that this action be taken, but the committee itself had not authorized the action. The chairman of the county committee, who comprised the district committee (Love v. Miller, 316 S.W.2d 269, Tex.Civ.App. 1958), had accepted applications of candidates subject to approval of the county executive committee, which later refused to approve his action, but he had not undertaken unconditionally to authorize this action. It was later held in Love v. Miller that Article 6.04 of the Election Code authorized the district committee to name a nominee for the office. Questions which might arise from the Meyers and Love cases as to whether a committee having the power to name a nominee could waive that power and adopt some other method, and as to whether the state committee could override the action of a lower committee, need not be considered here because the county executive committee does not have the power to make the nomination and the state committee has not attempted to prescribe the method of nomination.

We are of the opinion that by party usage the county executive committee has the same authority with respect to a county or precinct office that Kilday v. Germany accorded to the state committee with respect to a state office, if the action of the county committee does not conflict with action of the state organization. To our knowledge, neither the State Democratic Executive Committee nor the State Convention has adopted any general policy, by resolution or otherwise, to prescribe the method to be followed for making nominations for county and precinct offices in these circumstances, or to prohibit the county executive committees from determining the method.

Directly answering your question, we are of the opinion that the County Democratic Committee of Montgomery County could authorize a nomination for this unexpired term to be made in the primary elections in the manner you have outlined and that the County Clerk of Montgomery County should place the name of the nominee on the general election ballot upon receipt of a certification of the nomination from the county chairman. The

committee could fix the time for candidates to file, the time for payment of the assessment for expenses of conducting the primary, and other procedures incidental to placing the names of the candidates on the primary ballot.

## SUMMARY

Where a vacancy in a county or precinct office occurs after the statutory time for candidates to file for a place on the primary election ballot but in time to allow candidates to file before absentee voting begins in the first primary, the county executive committee of the party holding the primary may authorize the making of a nomination in the primary elections and may fix the time for candidates to file and otherwise prescribe the procedures incidental to placing their names on the primary ballot. Upon receipt of a certification of the nomination in proper form, the county clerk should place the name of the nominee on the general election ballot.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Mary K. Wall

Mary K. Wall
Assistant

MKW:bh:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

William E. Allen
J. C. Davis, Jr.
Riley Eugene Fletcher
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore